### A94A2211. RENTZ v. BLANTON et al.
(454 SE2d 606)

POPE, Presiding Judge.

Appellant Talmadge Rentz, a resident of Appling County, Georgia, was named executor in the will of his mother, a resident of Wayne County, Georgia. After his mother's death, the will was admitted to probate in Wayne County and appellant was appointed executor of the estate.

Several months later, appellant filed a petition with the Probate Court of Wayne County requesting transfer of the proceedings to the Probate Court of Appling County, Georgia. Appellees, heirs at law of the decedent and devisees under her will, opposed the motion, and on May 11, 1993, a hearing was held during which the request for transfer, as well as other matters, was addressed. On October 27, 1993 the Probate Court of Wayne County entered an order denying appellant's request for transfer. Appellant filed an appeal to the Superior Court of Wayne County on November 2, 1993. On December 17, 1993, appellant filed a motion for summary judgment seeking an order of the Superior Court of Wayne County transferring the proceedings to the Probate Court of Appling County.

The Superior Court of Wayne County denied appellant's motion for summary judgment and entered a certificate of immediate review. Appellant filed an application for interlocutory appeal in this court and, following our grant of his application, his notice of appeal. *Held:*

OCGA § 53-7-120, which governs the transfer of probate proceedings, provides in pertinent part as follows: "Whenever, from any change of residence or other cause, an administrator or executor desires to remove the jurisdiction of his trust from the probate court of the county of the residence of the testator or intestate to that of

his own residence, the same may be done by (1) Obtaining a copy of all the record of the judge of the probate court relative to his trust and causing the same to be recorded by the judge of the probate court of the county of his residence; (2) Giving to the judge of the probate court of his county new bond; . . . and (3) Filing with the judge of the probate court of the county having original jurisdiction a certificate, under the seal of the judge of the probate court of the county to which the trust is to be removed, that the foregoing provisions have been complied with." OCGA § 53-7-120 (a). See also *Head v. Waldrup*, 197 Ga. 500 (29 SE2d 561) (1944).

Appellant contends that once he complied with the prerequisites listed in OCGA § 53-7-120 (a), transfer of the proceedings was mandatory. We agree. Subsection (b) of OCGA § 53-7-120 provides that "[u]pon compliance with subsection (a) of this Code section, the judge of the probate court having jurisdiction shall then pass an order transferring the trust to the judge of the probate court of the other county. Thereupon, the whole trust shall be removed from the one county to the other, so that every question growing out of or affecting the trust shall be heard and tried only in that county to which the trust has been removed." OCGA § 53-7-120 (b). We agree with appellant that this language mandates transfer so long as the procedural requirements are met, and that, therefore, the lower court erred in refusing to transfer the case once compliance with the statutory prerequisites was shown.

Appellees argue, however, that a transfer should not be allowed if the transfer would allow an executor to avoid the rulings of the original court. However, the court to which the case is transferred has the record from the transferring court, see OCGA § 53-7-120 (a) (1), and would have the authority to reissue any orders which remain pending at the time of transfer. See also Uniform Transfer Rule T-13.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 23, 1995.

*Newton, Smith, Durden, Kaufold & Rice, Wilson R. Smith,* for appellant.

*Leaphart & Johnson, J. Alvin Leaphart,* for appellees.

